UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
────────────────────────────

In re ELAINE DUKE, Acting Secretary of
Homeland Security; et al.,

                *Petitioners,*

────────────────              No. 17-____

ELAINE DUKE, Duke, Acting Secretary of
Homeland Security; et al.,

                *Petitioners,*

        v.

STATE OF NEW YORK, et al.,

                *Respondents.*

────────────────────────────

**MEMORANDUM OF LAW IN OPPOSITION TO EMERGENCY
MOTION FOR IMMEDIATE ADMINISTRATIVE STAY**

                ERIC T. SCHNEIDERMAN
                  *Attorney General*
                  *State of New York*

                BARBARA D. UNDERWOOD
                  *Solicitor General*
              ANISHA S. DASGUPTA
                *Deputy Solicitor General*
            DAVID S. FRANKEL
              *Assistant Solicitor General*

            Attorney for Respondent States
            120 Broadway, 25th Floor
            New York, NY 10271
            (212) 416-8921

            Dated: October 20, 2017

## PRELIMINARY STATEMENT

This Court should deny defendants' motion for emergency relief from the discovery orders entered by the United States District Court for the Eastern District of New York (Garaufis, J.). Defendants have failed to identify any irreparable harm that they will suffer if this Court does not grant them emergency relief before 9 a.m. on October 20, whereas further delaying discovery and resolution in this case will cause harm to the plaintiff States,[1] our institutions, our economies, our residents, and our communities.

Since 2012, the Deferred Action for Childhood Arrivals ("DACA") program has provided protection from deportation and authorization to work to approximately 800,000 young people who grew up in this country, most of whom have known no home other than the United States. On September 5, 2017, defendants acted to terminate the DACA program on short notice, announcing that they would issue renewals only for grantees whose benefits expire before March 5, 2018—provided those grantees applied for renewal by October 5, 2018. In addition, defendants have declined to provide assurances that they would honor the federal government's prior representations about protecting the personal information supplied by DACA

---

[1] The plaintiff States in this action are New York, Massachusetts, Washington, Colorado, Connecticut, Delaware, Hawaii, Illinois, Iowa, New Mexico, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia and the District of Columbia.

1

applicants; in particular, defendants have refused to prohibit the use of that information for purposes of identifying, apprehending, detaining, or deporting non-citizens. Furthermore, defendants have declined repeated requests to consider briefly extending their arbitrary deadlines in order to facilitate judicial consideration of the serious legal issues raised by their actions.

As the district court has noted, defendants' actions are already harming hundreds of thousands of DACA grantees as well as the many individuals and institutions—including state institutions—who rely on the contributions of those grantees as workers and caregivers. And as that court has also noted, defendants' requests to delay discovery in this case must be evaluated in light of their role in creating the urgency about which they now complain. For example, although defendants now reference a deposition scheduled to occur on the morning of October 20 as one of the reasons for this request for emergency relief, they did not ask the district court to grant them relief from that specific deadline before seeking emergency relief from this Court. By contrast, defendants did ask for and receive several extensions of the requirement to submit their administrative record and privilege log in this case, including an extension granted by Magistrate Judge Orenstein on October 19 that sets their new time for filing at 3 p.m. on October 27.

In sum, defendants have not shown that the emergency relief they request is justified, let alone necessary. This Court should not grant their request.

## ARGUMENT

## AN IMMEDIATE STAY IS NOT WARRANTED

In deciding whether to grant a stay request, appellate courts consider (1) whether the movant has made a "strong showing that he is likely to succeed on the merits," (2) whether the movant will suffer irreparable injury absent a stay, (3) whether the stay will substantially injure other interested parties, and (4) "where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). A stay pending appeal "is not a matter of right, even if irreparable injury might otherwise result." *Nken*, 556 U.S. at 433 (quotation marks omitted). Rather, the propriety of a stay "is dependent upon the circumstances of the particular case." *Id.* (quotation marks omitted).

Defendants' request for an immediate stay of discovery pending their filing of a writ of mandamus on Monday, October 23, 2017, should be denied because they have not demonstrated that they will suffer any irreparable harm between now and that date. The first of the two supposedly imminent deadlines that defendants identify is not set to expire until late next week at the earliest. And the second deadline—the deposition of a Department of Homeland Security staff member noticed for October 20—will not cause irreparable harm if allowed to proceed.

Claiming "some uncertainty" about deadlines, defendants assert that they "may be required to produce an extensive privilege log on October 20." Stay Mot.

3

at 2. But this assertion misreads the district court's orders. Magistrate Judge Orenstein, on October 19, 2017, ordered defendants to produce the administrative record by October 27, 2017—thereby pushing back the previous October 20 deadline. Defendants' Addendum ("Add.") at 40-42. And as the district court has explained on more than one occasion, any extension of the deadline for compiling the administrative record also extends defendants' timeframe to produce the privilege log, which cannot be completed in advance of the record. *See, e.g.*, *Batalla Vidal v. Baran*, ECF No. 72 at 3 (explaining that any privilege log would not be required until administrative record is produced); Add. at 6 (same).

Defendants also note in passing that a single staff member of the Department of Homeland Security will be deposed on October 20, 2017. Stay Mot. at 6. But several hours before filing their stay motion, defendants confirmed that the employee remains available at the specified time. Moreover, they identify no harms that will occur if the deposition proceeds as scheduled, other than to assert—without elaboration—that he may be asked to speak on "sensitive privileged matters." *Id.* Defendants, however, are free to raise any claims of privilege during the deposition itself. Anticipating that very possibility, Magistrate Judge Orenstein advised the parties that he would make himself available on the day of the deposition to address "any number of privileges that may quite legitimately arise" if the parties are unable

4

to resolve certain disputes without his intervention.[2] *Batalla Vidal v. Baran*, ECF No. 83 at 13. Nonetheless, despite the district court's high degree of attention and responsiveness to the parties' discovery needs, defendants have insisted on bypassing the ordinary process and instead ask this Court for an unwarranted stay of all discovery.

Defendants' more general claims—for example, that a stay would allow them to "avoid significant ongoing burden and intrusion into the deliberative processes of the agency decisionmaking" (*see* Stay Mot. at 2)—likewise supply no grounds for granting emergency relief. To be sure, defendants are entitled to attempt to convince the court in future filings that the sum of their discovery obligations warrants

---

[2] Indeed, the district court has exercised close oversight of all discovery throughout this proceeding. At the start of the proceeding, the court issued a comprehensive case management order that sets out a compact discovery schedule while providing the parties with ample opportunity to seek quick court resolution of any discovery disputes. *See New York v. Trump*, ECF No. 46. Specifically, the parties are required to submit biweekly joint status reports to the magistrate judge that describe the status of discovery, including any issues for which court intervention is needed. *Id.*, ECF No. 46. The magistrate judge holds in-person status hearings on the alternating weeks to rule on outstanding issues and anticipate possible future points of contention. *Id.*, ECF No. 46. When defendants have raised issues with the court outside of these regularly-scheduled reports and conferences, the court has directed plaintiffs to quickly respond in writing and has just as quickly issued a ruling. For example, when defendants raised objections to submitting a privilege log for the administrative record on September 29, 2017 (*id.*, ECF No. 48), the court issued an order the next day directing plaintiffs to file their response by noon on October 3, 2017. *See id.*, ECF No. 49. The court issued its order later on October 3, extending the deadline for production of the privilege log and narrowing the log's scope. *See id.*, ECF No. 50.

appellate relief. But the deposition of a single staff member who provides advice and counsel to a cabinet official is not enough to establish a case for emergency relief. It is well established that the mere "burden of litigation" is not an "irreparable harm."[3] *In re El San Juan Hotel*, 809 F.2d 151, 154 (1st Cir. 1987). Indeed, when requesting a stay from the district court, defendants did not even identify any need to postpone this deposition, instead focusing on discovery tasks—such as the production of a privilege log—for which they now face no deadline before the anticipated filing of the mandamus petition. *See* Add. 17-21.

Emergency relief is also unwarranted because defendants are wrong on the merits of their arguments. As the plaintiff States will explain more fully in a response to defendants' mandamus petition, defendants are incorrect about the law that governs discovery in this matter. Despite their attempts to narrow their discovery obligations, defendants have a duty to produce "the whole record," 5 U.S.C. § 706, including "all documents and materials directly or indirectly considered by the agency" in reaching its decision, *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993). The district court considered the arguments defendants now make, and agreed with the "plaintiffs' unassailable identification of the legal standard for defining the record." Add. at 41. As the district court observed, defendants have

---

[3] For this reason, defendants miss the mark in emphasizing the number of documents and custodians yielded by their initial searches. *See* Stay Mot. at 6.

failed to show why "Plaintiffs' challenges to actions collateral to the decision to end the DACA program," such as challenges to defendants' new policies concerning the protection of DACA grantees' personal information, should be confined to an administrative record documenting the decision to end the DACA program. Add. at 45-46; *see also* Add. at 47.

Finally, the district court has appropriately balanced the benefits and burdens of discovery "in light of the stakes of this case," notably the 800,000 individuals directly affected by defendants' actions and the many others indirectly harmed. Add. at 49. The court has explained that it is "sensitive to Defendants' concerns about subjecting senior government officials to discovery and the prospect of . . . open-ended requests for production." *Id.* But because defendants' dispositive motion will not be fully briefed until January 13, 2018—only two months before the March 5, 2018 date when existing DACA benefits begin to expire—discovery must proceed apace now. And indeed, "this urgency is the unavoidable result of Defendants' own decision to terminate, on relatively short notice, a program directly benefiting hundreds of thousands of individuals." *Id.* at 8.

## CONCLUSION

For the reasons above, this Court should deny defendants' motion for a stay pending the filing of a writ of mandamus.

Dated:   New York, NY
         October 20, 2017

                                      Respectfully submitted,

                                      ERIC T. SCHNEIDERMAN
                                        *Attorney General*
                                        *State of New York*

                                    By: <u>*/s/ Barbara D. Underwood*</u>

| | |
|---|---|
| LOURDES M. ROSADO | BARBARA D. UNDERWOOD |
|   *Bureau Chief* |   *Solicitor General* |
|   *Civil Rights Bureau* | ANISHA S. DASGUPTA |
| SANIA KHAN |   *Assistant Solicitor General* |
| DIANE LUCAS | DAVID S. FRANKEL |
| AJAY SAINI |   *Assistant Solicitor General* |
|   *Assistant Attorneys General* | |
| | 120 Broadway, 25th Fl. |
| | New York, NY  10271 |
| | (212) 416-8921 |
| | |
| MAURA HEALEY | BOB FERGUSON |
|   *Attorney General* |   *Attorney General* |
|   *Commonwealth of Massachusetts* |   *State of Washington* |
| One Ashburton Place | 800 Fifth Avenue, Suite 2000 |
| Boston, MA 02108 | Seattle, WA 98104 |
| (617) 727-2200 | (206) 464-7744 |

(*Counsel list continues on next page.*)

GEORGE JEPSEN
  *Attorney General*
  *State of Connecticut*
55 Elm Street,
P.O. Box 120
Hartford, CT 06106
(860) 808-5020

MATTHEW DENN
  *Attorney General*
  *State of Delaware*
820 N. French St.
Wilmington, DE 19801
(302) 577-8400

DOUGLAS S. CHIN
  *Attorney General*
  *State of Hawaii*
425 Queen Street
Honolulu, HI 96813
(808) 586-1224

LISA MADIGAN
  *Attorney General*
  *State of Illinois*
100 W. Randolph Street
Chicago, IL 60601
(312) 814-3400

THOMAS J. MILLER
  *Attorney General*
  *State of Iowa*
1305 E. Walnut Street
Des Moines, IA 50319
(515) 281-4325

HECTOR H. BALDERAS
  *Attorney General*
  *State of New Mexico*
408 Galisteo St.
Santa Fe, NM 87501
(505) 490-4060

JOSH STEIN
  *Attorney General*
  *State of North Carolina*
114 W. Edenton Street
Raleigh, NC 27603
(919) 16-6400

ELLEN F. ROSENBLUM
  *Attorney General*
  *State of Oregon*
1162 Court St. N.E.
Salem, OR 97301
(971) 673-1880

JOSH SHAPIRO
  *Attorney General*
  *Commonwealth of Pennsylvania*
Strawberry Square, 16th Floor
Harrisburg, PA 17120
(717) 787-3391

PETER KILMARTIN
  *Attorney General*
  *State of Rhode Island*
150 South Main Street
Providence, RI 02903
(401) 274-4400

THOMAS J. DONOVAN, JR.
  *Attorney General*
  *State of Vermont*
109 State Street
Montpelier, VT 05609
(802) 828-5500

JOHN W. HICKENLOOPER
  *Governor*
  *State of Colorado*
JACKI COOPER MELMED
  *Special Assistant*
    *Attorney General*
136 State Capitol Building
Denver, CO 80203
(303) 866-3788

MARK R. HERRING
  *Attorney General*
  *Commonwealth of Virginia*
202 North Ninth Street
Richmond, VA 23219
(804) 786-7773

KARL A. RACINE
  *Attorney General*
  *District of Columbia*
Suite 650 North
441 4th Street, NW
Washington, DC 20001
(202) 724-6610