UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 17-3345 In re Duke    **Caption [use short title]**

**Motion for:** set briefing and oral argument schedule

Set forth below precise, complete statement of relief sought:

We respectfully request that the Court set a briefing schedule to complete briefing on the government's petition for writ of mandamus.

**MOVING PARTY:** Duke, et al.    **OPPOSING PARTY:** State of New York, et al.

☐ Plaintiff    ☐ Defendant
☑ Appellant/Petitioner    ☐ Appellee/Respondent

**MOVING ATTORNEY:**    **OPPOSING ATTORNEY:**
[name of attorney, with firm, address, phone number and e-mail]

Abby C. Wright, U.S. Department of Justice    Anisha Dasgupta
950 Pennsylvania Ave. NW    120 Broadway, 25th Floor New York, NY 10271
202-514-0664, Abby.Wright@usdoj.gov    (212) 416-8921, Anisha.Dasgupta@ag.ny.gov

**Court- Judge/ Agency appealed from:** Eastern District of New York, Judge Garaufis

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed  ☑ Opposed  ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  ☐ Yes  ☐ No
Has this relief been previously sought in this court?  ☐ Yes  ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?  ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes  ☑ No  If yes, enter date:

**Signature of Moving Attorney:**
s/ Abby C. Wright    **Date:** 11/12/2017    **Service by:** ☑ CM/ECF  ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# No. 17-3345

Case Nos. 16-CV-4756 (NGG) (JO) (E.D.N.Y.), 17-CV-5228 (NGG) (JO) (E.D.N.Y.)

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

*In re* ELAINE DUKE, Acting Secretary of Homeland Security; JEFFERSON BEAUREGARD SESSIONS III, Attorney General of the United States, DONALD J. TRUMP, President of the United States; U.S. CITIZENSHIP AND MMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and the UNITED STATES OF AMERICA,
                Petitioners.

**MOTION TO SET BRIEFING AND ARGUMENT SCHEDULE**

         CHAD A. READLER
          *Acting Assistant Attorney General*

         HASHIM M. MOOPPAN
          *Deputy Assistant Attorney General*

         MARK B. STERN
         ABBY C. WRIGHT
         THOMAS PULHAM
          *Attorneys, Appellate Staff*
          *Civil Division*
          *U.S. Department of Justice*
          *950 Pennsylvania Avenue NW*
          *Washington, DC 20530*
          *(202) 514-2000*

Pursuant to Federal Rules of Appellate Procedure 21 and 27, the government respectfully moves this court to set a schedule for the completion of briefing on the government's pending petition for a writ of mandamus.  This motion is opposed. The reasons for the motion are set out below.

1.  These related cases under the Administrative Procedure Act (APA) challenge the decision of the Acting Secretary of Homeland Security to wind down the non-enforcement policy known as Deferred Action for Childhood Arrivals (DACA).  Rather than promptly litigating whether that enforcement decision was judicially reviewable and valid based on the administrative record the government provided, plaintiffs sought extraordinarily burdensome and intrusive discovery and also asked the court to require the government to "complete" the administrative record with additional materials.

The government objected to plaintiffs' requests, especially prior to briefing on whether plaintiffs' claims could even survive a threshold motion to dismiss. On October 19, 2017, the district court entered an order refusing to stay the discovery sought by the plaintiffs and ordering the government to file a privilege log for documents to be added to an expanded administrative record.

2.  On October 20, the government moved this Court for an administrative stay of all discovery and record supplementation proceedings in the district court while the government prepared to file a petition for writ of mandamus.  The Court (per Cabranes, J.) granted the emergency motion pending its consideration by a full

1

panel of the Court. The government filed its full petition for writ of mandamus on October 23.

3. On October 24, following oral argument on the government's motion, a panel of this Court extended the administrative stay pending determination of the government's mandamus petition, which in turn was deferred "until such time as the district court has considered and decided expeditiously issues of jurisdiction and justiciability." The Court further ordered that "[r]esponse briefs on the mandamus petition may be filed promptly," and "the filing of any other or further briefs is deferred until further notice." The individual plaintiffs filed a response to the government's petition for writ of mandamus on November 6. The state plaintiffs have not yet filed a response.

4. The government filed its motion to dismiss in district court on October 27, three days after this Court held oral argument on the government's stay motion. The government's motion to dismiss argued that plaintiffs' claims were non-justiciable and that plaintiffs had failed to state a claim under Fed. R. Civ. P. 12(b)(6). After the government filed its motion, the district court informed plaintiffs that they could limit their response to issues of jurisdiction and justiciability. Although the government has requested (over Plaintiffs' opposition) that the district court set a schedule for plaintiffs' response to the remainder of the motion to dismiss, the district court has not yet done so.

5. On November 9, the district court denied in part and granted in part the government's motion to dismiss. The court dismissed the due process notice claims brought by both the individual plaintiffs in *Batalla Vidal v. Duke*, No. 16-cv-4756, and the state plaintiffs in *New York v. Trump*, No. 17-cv-5228, as well as the challenges to the Department of Homeland Security's "information-use" policy brought by the state plaintiffs. The district court denied the government's motion to dismiss as to all other claims, however, holding that the claims were justiciable under the APA and not subject to the jurisdictional bar in 8 U.S.C. § 1252(g). The court deferred consideration of the government's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In so doing, the district court did not suggest that the administrative record the government produced was inadequate.

6. Because the district court has ruled on jurisdiction and justiciability, it is now appropriate for this Court to proceed with consideration of the government's mandamus petition. As explained, the individual plaintiffs filed a response to the government's petition for writ of mandamus 14 days after the government filed its petition. The state plaintiffs, however, have not yet filed a response, despite the Court's instruction that they do so promptly.

Accordingly, the government proposes the following schedule for briefing and argument:

- The state plaintiffs will file their response to the government's mandamus petition by November 14, 2017.

3

- The government will file a reply in support of its petition seven days later, on November 21, 2017.

- The government respectfully requests that oral argument not be held the week of December 4-8, 2017, when the Deputy Assistant Attorney General responsible for arguing this case will be arguing two other cases in the courts of appeals.

This schedule provides for expeditious resolution of the government's petition for writ of mandamus. Prompt filing of the state plaintiffs' response is appropriate in light of this Court's prior order. And providing the government seven days in which to file its reply in support of mandamus is proportionate to the amount of time the state plaintiffs had to file their responses (over three weeks), and is shorter than the 14-day period normally allowed for reply briefs.

7. Counsel for the plaintiffs do not agree to the schedule proposed above.

## CONCLUSION

For the foregoing reasons, this Court should grant the motion to set a briefing and argument schedule.

Respectfully submitted,

CHAD A. READLER
  *Acting Assistant Attorney General*

HASHIM M. MOOPPAN
  *Deputy Assistant Attorney General*

MARK B. STERN
ABBY C. WRIGHT
THOMAS PULHAM
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-2000*

NOVEMBER 2017

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the word limit of Federal Rule of Appellate Procedure 21(d)(1) because the motion contains 918 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f). I further certify that this motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared using Microsoft Word 2013 in a proportionally spaced typeface, 14-point Garamond font.

                                                s/ Abby C. Wright
                                                ABBY C. WRIGHT

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2017, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Service will be accomplished automatically by the appellate CM/ECF system on all other counsel.

s/ Abby C. Wright<br>
ABBY C. WRIGHT