UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

In re: ELAINE C. DUKE, Acting Secretary of
Homeland Security.

_____

ELAINE C. DUKE, Acting Secretary of Homeland
Security, et al.,

No. 17-3345

        *Petitioners*,

v.

MARTIN JONATHAN BATALLA VIDAL, et al.,

        *Respondents*.

## RESPONDENT STATES' RESPONSE TO PETITIONERS' MOTION TO SET BRIEFING AND ARGUMENT SCHEDULE

|  |  |
|---|---|
|  | ERIC T. SCHNEIDERMAN<br>  *Attorney General*<br>  *State of New York* |
| LOURDES M. ROSADO<br>  *Bureau Chief*<br>  *Civil Rights Bureau*<br>SANIA KHAN<br>DIANE LUCAS<br>AJAY SAINI<br>  *Assistant Attorneys General* | BARBARA D. UNDERWOOD<br>  *Solicitor General*<br>ANISHA S. DASGUPTA<br>  *Deputy Solicitor General*<br>DAVID S. FRANKEL<br>  *Assistant Solicitor General* |
|  | 120 Broadway, 25th Floor<br>New York, NY 10271<br>(212) 416-8921 |
|  | Dated: November 12, 2017 |
|  | (*Counsel list continues on signature pages.*) |

Respondent States[1] hereby respond to petitioners' motion to set a schedule for completion of briefing on their pending petition for a writ of mandamus, in order to clarify the States' position as to the proposed schedule, and clarify the timing considerations bearing on scheduling.

1. The mandamus petition is delaying the progress of an action brought by 16 States and the District of Columbia—and a similar action brought by individual and organizational plaintiffs—to challenge defendants' rescission of the program known as "Deferred Action for Childhood Arrivals" or "DACA." Since 2012, the DACA program has provided protection from deportation and extended work authorization to approximately 800,000 young people who were brought to this country as children, most of whom have known no home other than the United States. On September 5, 2017, petitioners acted to terminate the DACA program, announcing that they would issue renewals only for grantees whose benefits expire before March 5, 2018—provided those grantees applied for renewal by October 5, 2018. As the district court has noted,

---

[1] The respondent States in this action are New York, Massachusetts, Washington, Colorado, Connecticut, Delaware, Hawaii, Illinois, Iowa, New Mexico, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, and Virginia and the District of Columbia.

petitioners' actions are already harming hundreds of thousands of DACA grantees, as well as plaintiff States' institutions, economies, residents, and communities, which rely on the contributions of those grantees as workers and caregivers. *See* Hr'g Tr. at 7:14-20, Sept. 26, 2017, No. 17-cv-5226; Mem. & Order at 39-40, No. 17-cv-5226, ECF No. 85.

2. To date, petitioners have declined repeated requests to consider briefly extending their arbitrary deadlines in order to facilitate judicial consideration of the serious legal issues raised by their actions. *See* Hr'g Tr. at 5:7-23; *see also* Hr'g Tr. at 13:5-6, Sept. 21, 2017, *City of San Jose v. Trump*, No. 17-cv-5329 (N.D. Cal.) (Alsup, J.). Accordingly, the litigation challenging these federal actions must be resolved by March 5, 2018, if it is to provide meaningful relief to the affected individuals, institutions, and States. Every day or week of delay in these preliminary stages of the litigation makes it less likely that the litigation will be completed in the time available.

3. The respondent States agree with petitioners that briefing and argument on the mandamus petition should proceed as expeditiously as possible. However, the petition invoked the need for the district court to decide issues of jurisdiction and justiciability, and this Court deferred

consideration of the petition until the government had moved to dismiss on those grounds in the district court, and "until such time as the district court has considered and decided expeditiously issues of jurisdiction and justiciability." Order, dated Oct. 24, 2017, CA2 Dkt. No. 41. Accordingly, the States concluded that the most efficient and expeditious way to litigate the mandamus petition was to file a response promptly after the district court's decision on jurisdiction and justiciability.

4. On November 9, 2017, hours after the district court issued its decision on petitioners' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), petitioners asked the respondent States to consent to a proposed briefing schedule and to their filing of a reply brief. Petitioners also informed the States that they would propose that oral argument not take place before December 11, 2017. The following day, after conferring with the plaintiffs in the other affected case (the Batalla-Vidal respondents), the States agreed to file their response by November 14, 2017, and stated that they would not oppose petitioners' request to file a reply so long as the reply was filed no later than Friday, November 17, 2017. Respondent States objected to deferring the oral argument of the motion until the week of December 11, 2017, and instead said that

they would request that the Court schedule argument on the earliest practicable date. For example, that date could occur in the week of November 20 or November 27.

5. In proposing that this Court should grant them seven days for their reply, petitioners do not accurately describe the time properly allotted to each side on this mandamus petition. This Court directed the parties to litigate the jurisdictional issue in the district court before returning to this Court for consideration of the mandamus. Because the district court filed its opinion late in the afternoon of Thursday, November 9, the respondent States' proposed response date of Tuesday November 14 falls a mere three business days after the issuance of the opinion, and one of those days was a federal holiday. This is the shortest possible time necessary to coordinate review of the mandamus opposition among the numerous state parties.

6. Petitioners should not need more than three business days to reply, especially since they appear to take the view that the district court's ruling on the motion to dismiss need not be addressed on this mandamus petition at all. *See* Petrs.' Mot. to Set Briefing & Argument Schedule ¶ 6, dated Nov. 12, 2017, CA2 Dkt. No. 69. Indeed, briefing

4

schedules rarely allow as much time for a reply as for a response. Petitioners' request to take seven days for their reply ignores the imminent, pressing deadline for resolution of this matter that petitioners have created by setting an arbitrary date of March 5, 2018, for the termination of the DACA program.

7. In sum, respondent States will file their response to the mandamus petition on November 14, 2017. We respectfully request that the Court set a deadline of November 17, 2017 for petitioners to file their reply, and schedule oral argument on the mandamus petition as soon as practicable for this Court, in the week of November 20 or 27.

## CONCLUSION

For the foregoing reasons, this Court should reject the briefing and argument schedule proposed by the federal petitioners, and adopt the more expedited schedule proposed above.

Dated:   New York, NY
            November 12, 2017

Respectfully submitted,

ERIC T. SCHNEIDERMAN
  *Attorney General*
  *State of New York*

By:  */s/ Barbara D. Underwood*

LOURDES M. ROSADO
  *Bureau Chief*
  *Civil Rights Bureau*
SANIA KHAN
DIANE LUCAS
AJAY SAINI
  *Assistant Attorneys General*

BARBARA D. UNDERWOOD
  *Solicitor General*
ANISHA S. DASGUPTA
  *Assistant Solicitor General*
DAVID S. FRANKEL
  *Assistant Solicitor General*

120 Broadway, 25th Fl.
New York, NY  10271
(212) 416-8921

MAURA HEALEY
  *Attorney General*
  *Commonwealth of Massachusetts*
One Ashburton Place
Boston, MA 02108
(617) 727-2200

BOB FERGUSON
  *Attorney General*
  *State of Washington*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

(*Counsel list continues on next page.*)

6

GEORGE JEPSEN
  *Attorney General*
  *State of Connecticut*
55 Elm Street,
P.O. Box 120
Hartford, CT 06106
(860) 808-5020

MATTHEW DENN
  *Attorney General*
  *State of Delaware*
820 N. French St.
Wilmington, DE 19801
(302) 577-8400

DOUGLAS S. CHIN
  *Attorney General*
  *State of Hawaii*
425 Queen Street
Honolulu, HI 96813
(808) 586-1224

LISA MADIGAN
  *Attorney General*
  *State of Illinois*
100 W. Randolph Street
Chicago, IL 60601
(312) 814-3400

THOMAS J. MILLER
  *Attorney General*
  *State of Iowa*
1305 E. Walnut Street
Des Moines, IA 50319
(515) 281-4325

HECTOR H. BALDERAS
  *Attorney General*
  *State of New Mexico*
408 Galisteo St.
Santa Fe, NM 87501
(505) 490-4060

JOSH STEIN
  *Attorney General*
  *State of North Carolina*
114 W. Edenton Street
Raleigh, NC 27603
(919) 16-6400

ELLEN F. ROSENBLUM
  *Attorney General*
  *State of Oregon*
1162 Court St. N.E.
Salem, OR 97301
(971) 673-1880

JOSH SHAPIRO
  *Attorney General*
  *Commonwealth of Pennsylvania*
Strawberry Square, 16th Floor
Harrisburg, PA 17120
(717) 787-3391

PETER KILMARTIN
  *Attorney General*
  *State of Rhode Island*
150 South Main Street
Providence, RI 02903
(401) 274-4400

THOMAS J. DONOVAN, JR.
  *Attorney General*
  *State of Vermont*
109 State Street
Montpelier, VT 05609
(802) 828-5500

JOHN W. HICKENLOOPER
  *Governor*
  *State of Colorado*
JACKI COOPER MELMED
  *Special Assistant*
    *Attorney General*
136 State Capitol Building
Denver, CO 80203
(303) 866-3788

MARK R. HERRING
  *Attorney General*
  *Commonwealth of Virginia*
202 North Ninth Street
Richmond, VA 23219
(804) 786-7773

KARL A. RACINE
  *Attorney General*
  *District of Columbia*
Suite 650 North
441 4th Street, NW
Washington, DC 20001
(202) 724-6610

8

## CERTIFICATE OF COMPLIANCE

Pursuant to Rules 27 and 32 of the Federal Rules of Appellate Procedure, Oren L. Zeve, an employee in the Office of the Attorney General of the State of New York, hereby certifies that according to the word count feature of the word processing program used to prepare this document, the document contains 974 words and complies with the length limits and typeface requirements of Rules 27(d) and 32(a)(5)-(6).

                                                         /s/ Oren L. Zeve
                                                           Oren L. Zeve