EXHIBIT  A

No.17-3345

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

*In re* ELAINE DUKE, Acting Secretary of Homeland Security, et al.,

Petitioners.

## SUPPLEMENTAL BRIEF BY *BATALLA VIDAL* RESPONDENTS

David Chen, Law Student Intern
Susanna D. Evarts, Law Student Intern
Healy Ko, Law Student Intern
Victoria Roeck, Law Student Intern
Hannah Schoen, Law Student Intern
Emily Villano, Law Student Intern
Muneer I. Ahmad, Esq.
Michael J. Wishnie, Esq.
JEROME N. FRANK LEGAL SVCS. ORG.
michael.wishnie@yale.edu
Phone: (203) 432-4800

Joshua A. Rosenthal, Esq.
NATIONAL IMMIGRATION LAW CENTER
1121 14th Street NW, Suite 200
Washington, DC 20005
Phone: (202) 216-0261

Karen C. Tumlin, Esq.
Mayra B. Joachin, Esq.
Jessica R. Hanson, Esq.
Trudy S. Rebert, Esq.
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Blvd. #108-62
Los Angeles, CA 90010
Phone: (213) 639-3900

Justin Cox, Esq.
NATIONAL IMMIGRATION LAW CENTER
PO Box 170208
Atlanta, GA 30317
Phone: (678) 279-5441

The *Batalla Vidal* Respondents hereby file this brief to supplement their answer to Petitioners' writ of mandamus, which Respondents filed on November 6, 2017, *see* Answer, ECF No. 55-1, in light of the District Court's recent decision on jurisdiction and justiciability. For the reasons stated below and in Respondents' Answer, this Court should deny Petitioners' request for a writ of mandamus.

After this Court's Order on October 20, 2017, deferring the resolution of mandamus petition until the District Court "considered and decided expeditiously issues of jurisdiction and justiciability," ECF No. 40, both Petitioners and Respondents filed briefs addressing issues of jurisdiction and justiciability with the District Court. On November 9, 2017, the District Court issued its order on the jurisdiction and justiciability issues Petitioners raised, denying Petitioners' motion to dismiss with respect to all but one of the *Batalla Vidal* Respondents' claims. *See* District Court Order, ECF No. 72. That decision confirmed the jurisdiction of the District Court over this matter and supports Respondents' arguments that mandamus relief is inappropriate.

First, the District Court's ruling affirms the justiciability of Respondents' Administrative Procedure Act (APA) claims. In denying Respondents' motion to dismiss, the District Court properly held that the Immigration and Nationality Act (INA) did not strip the court of jurisdiction over this matter, and that the APA provided for judicial review of the DACA termination. The District Court's orders for the government to complete the administrative record and produce a privilege log remain necessary and appropriate.

1

Second, although the District Court dismissed one of the *Batalla Vidal* Respondents' claims, a procedural due process claim, discovery continues to be appropriate in this matter to support Respondents' equal protection claim. As discussed in Respondents' prior brief and in the record below, discovery is necessary to show whether discriminatory intent was a "substantial" or "motivating" factor behind the DACA Termination—a key component of Respondents' equal protection claim. *See* ECF No. 55-1, at 30. Respondents are therefore entitled to discovery regardless of the procedural due process claim. Petitioners have not established a "clear and indisputable right" to a writ of mandamus to bar discovery on Respondents' equal protection claim. *Cheney v. District Court*, 542 U.S. 367, 381 (2004).[1]

Moreover, Respondents intend to amend or, in the alternative, supplement the complaint, to add an additional constitutional claim, further demonstrating that Respondents are entitled to discovery and calling into question Petitioners' entitlement to a writ of mandamus. *See* Pre-Motion Conference Letter, Supp. Add. at 1-4. In their Pre-Motion Conference Letter, Respondents describe various facts

---

[1] In its October 17 order respecting discovery and the privilege log, the District Court did not reach whether Respondents' challenges under the equal protection claim were limited to the Administrative Record because it had determined that discovery was "not inappropriate with respect to Plaintiffs' individualized-notice and information-policy claims." *See* ECF No. 86, *Batalla Vidal v. Baran*, No. 16-cv-4756 (E.D.N.Y. Oct. 17, 2017). However, this Court may deny the mandamus petition on a different ground than that relied on by the District Court. *See Smith v. Barnesandnoble.com, LLC*, 839 F.3d 163, 166 (2016).

2

occurring after the filing of Respondents' last amended complaint that support their request to amend or, in the alternative, supplement their complaint pursuant to Fed. R. Civ. P. 15(d).  *Id.*  For example, the government rejected the renewal applications of more than one dozen members and clients of Respondent Make the Road New York due to Petitioners' inadequate process for accepting applications.  *See* Ex. B to Pre-Motion Conference Letter, Supp. Add. at 10-13.  Petitioners have also admitted to the existence of approximately 4,000 individuals whose renewal applications were received on or near the October 5, 2017, deadline, that have been rejected.  *See* Neufeld Dep., Oct. 18, 2017, 153:18–154:9, Ex. C to Pre-Motion Conference Letter, Supp. Add. at 14-22; *see also* Liz Robbins, *Post Office Fails to Deliver on Time, and DACA Applications Get Rejected*, N.Y. Times (Nov. 11, 2017), Ex. A to Pre-Motion Conference Letter, Supp. Add. at 5-9.  If Respondents' request to amend or supplement their complaint is granted, Respondents will have procedural due process claims entitling them to discovery in addition to their equal protection claim.  The District Court has ordered a Pre-Motion Conference to be held on November 17, 2016.

Consequently, the arguments Respondents raised in their answer to Petitioners' writ of mandamus remain applicable.  Respondents thus respectfully request that this Court deny the petition for a writ of mandamus, and lift the stay of discovery to permit the District Court to manage discovery.

Respectfully submitted,

/s/ Mayra B. Joachin

David Chen, Law Student Intern
Susanna D. Evarts, Law Student Intern
Victoria Roeck, Law Student Intern
Healy Ko, Law Student Intern
Hannah Schoen, Law Student Intern
Emily Villano, Law Student Intern
Muneer I. Ahmad, Esq.
Michael J. Wishnie, Esq.
JEROME N. FRANK LEGAL SVCS. ORG.
michael.wishnie@yale.edu
Phone: (203) 432-4800

Karen C. Tumlin, Esq.
Mayra B. Joachin, Esq.
Jessica R. Hanson, Esq.
Trudy S. Rebert, Esq.*
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Blvd. #108-62
Los Angeles, CA 90010
Phone: (213) 639-3900

Justin Cox, Esq.
NATIONAL IMMIGRATION LAW CENTER
PO Box 170208
Atlanta, GA 30317
Phone: (678) 279-5441

Joshua A. Rosenthal, Esq.
NATIONAL IMMIGRATION LAW CENTER
1121 14th Street NW, Suite 200
Washington, DC 20005
Phone: (202) 216-0261

*Admitted only in Louisiana

Attorneys for Batalla Vidal Plaintiffs-
Respondents

November 14, 2017

4

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the type-volume limit of Federal Rules of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 841 words. I further certify that this response complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5)(A), and 32(a)(6) because it has been prepared using Microsoft Word in a proportionally spaced typeface, 14-point Garamond font.

/s/ Mayra B. Joachin
Mayra B. Joachin