

NATIONAL
IMMIGRATION
LAW CENTER

December 21, 2017

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *In Re Elaine Duke*, Docket No. 17-3345

Dear Ms. O'Hagan Wolfe,

The *Batalla Vidal* respondents write pursuant to Fed. R. App. P. 28(j) to inform this Court that the United States Supreme Court has ruled on record-completion and discovery issues in the Ninth Circuit litigation challenging the termination of DACA, *In re United States*, No. 17-801 (U.S. Dec. 20, 2017) (*See* attached). The Supreme Court granted certiorari, vacated the Ninth Circuit's earlier opinion, and remanded the case for further proceedings.

In its *per curiam* order, the Supreme Court held that the District Court should not have ordered the production of documents until it "first resolved the Government's threshold arguments" on jurisdiction and justiciability. Order at 3. The Supreme Court also noted that there were "serious arguments that at least portions of the [California] District Court's order are overly broad," observing that the government "appears to emphasize" certain materials, *id.* (noting objections to orders to disclose "all DACA-related materials considered by persons (anywhere in the government)"), which appears to be a reference to California orders requiring disclosure of White House records. The Supreme Court made clear, however, that its order "does not suggest any view on the merits of respondents' claims or the Government's defenses" or that there should be any delay in resolving the litigation on the merits. *Id.* at 4.

As this Court is aware, the orders in the present appeal differ materially from the orders in the California cases. Judge Garaufis has resolved the threshold issues of jurisdiction and justiciability, finding that the decision to end DACA is reviewable. Moreover, the record-completion orders before the court are narrower than those that were at issue before the Supreme Court, including in the district court's careful limitation to records within the Departments of Homeland Security and Justice, rather than "anywhere in the government." Nor, as noted at oral argument, has the government in this case yet made any motions for a protective order in response to any specific discovery request, or faced any court orders to produce specific documents.

www.nilc.org

LOS ANGELES (Headquarters)
3450 Wilshire Blvd. Box #108 – 62
Los Angeles, CA 90010
213 639-3900
213 639-3911 fax

WASHINGTON, DC
1121 14th Street, NW, Suite 200
Washington, DC 20005
202 216-0261
202 216-0266 fax

Respectfully submitted,

/s/ Joshua A. Rosenthal

David Chen, Law Student Intern
Susanna D. Evarts, Law Student Intern
Victoria Roeck, Law Student Intern
Healy Ko, Law Student Intern
Hannah Schoen, Law Student Intern
Emily Villano, Law Student Intern
Muneer I. Ahmad, Esq.
Michael J. Wishnie, Esq.
JEROME N. FRANK LEGAL SVCS. ORG.
michael.wishnie@yale.edu
Phone: (203) 432-4800

Jessica R. Hanson, Esq.
Mayra B. Joachin, Esq.
Trudy S. Rebert, Esq.*
Karen Tumlin, Esq.
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Blvd, #108-62
Los Angeles, CA 90010
Phone: (213) 639-3900

Justin Cox, Esq.
NATIONAL IMMIGRATION LAW CENTER
PO Box 170208
Atlanta, GA 30317
Phone: (678) 279-5441

Joshua A. Rosenthal, Esq.
NATIONAL IMMIGRATION LAW CENTER
1121 14th Street NW
Suite 200
Washington, DC 20005
Phone: (202) 216-0261

*Admitted Only in Louisiana

Attorneys for Batalla Vidal et al.
Plaintiffs-Respondents

cc: All parties, via ECF

Cite as: 583 U. S. \_\_\_\_ (2017)                    1

Per Curiam

# SUPREME COURT OF THE UNITED STATES

## IN RE UNITED STATES, ET AL.

### ON PETITION FOR WRIT OF MANDAMUS

No. 17–801. Decided December 20, 2017

PER CURIAM.

This case arises from five related lawsuits that challenge a determination adopted by the Acting Secretary of the Department of Homeland Security (DHS). The determination, announced by the Acting Secretary, is to take immediate steps to rescind a program known as Deferred Action for Childhood Arrivals, or DACA, by March 5, 2018. The Acting Secretary stated that her determination was based in part on the Attorney General's conclusion that DACA is unlawful and likely would be enjoined in potentially imminent litigation.

The five suits were filed in the United States District Court for the Northern District of California, and the plaintiffs in those actions are the respondents in the matter now before this Court. The defendants in the District Court, and the petitioners here, include the Government of the United States, the Acting Secretary, and the President of the United States, all referred to here as the Government.

In the District Court litigation respondents argue that the Acting Secretary's determination to rescind DACA in the near future is unlawful because, among other reasons, it violates the Administrative Procedure Act (APA) and the Due Process Clause of the Fifth Amendment, including the equal protection guarantee implicit in that Clause.

The issue to be considered here involves respondents' contention that the administrative record the Government filed to support the Acting Secretary's determination to rescind DACA is incomplete. The record consists of 256

2               IN RE UNITED STATES

Per Curiam

pages of documents, and the Government contends that it contains all of the nondeliberative material considered by the Acting Secretary in reaching her determination. (Nearly 200 pages consist of published opinions from various federal courts.)

On October 17, the District Court, on respondents' motion, ordered the Government to complete the administrative record. See *Regents of Univ. of Cal.* v. *Department of Homeland Security*, App. C to Pet. for Mandamus, 2017 WL 4642324 (ND Cal., Oct. 17, 2017) (District Court Order). The details of that order are recounted further below. See *infra*, at 3.

The Government petitioned for a writ of mandamus in the Court of Appeals for the Ninth Circuit. The Court of Appeals, in a divided opinion, denied the Government's petition. See 875 F. 3d 1200 (2017).

On November 19, three days after the Court of Appeals issued its opinion, respondents moved the District Court to stay its order requiring completion of the administrative record until after the District Court resolved the Government's motion to dismiss and respondents' motion for a preliminary injunction. See Motion to Stay in No. 17–cv–5211 (Nov. 19, 2017), Doc. 190. The District Court did not grant respondents' request, instead staying its order for one month.

Still objecting to the District Court's order, the Government now seeks relief in this Court. It has filed here a petition for a writ of mandamus to the District Court, or, in the alternative, for a writ of certiorari to the Court of Appeals.

The Court now grants the petition for a writ of certiorari, vacates the order of the Court of Appeals for the Ninth Circuit, and remands the case.

The District Court's October 17 order requires the Government to turn over all "emails, letters, memoranda, notes, media items, opinions and other materials" that fall

Per Curiam

within the following categories:

> "(1) all materials actually seen or considered, however
> briefly, by Acting Secretary [Elaine] Duke in connec-
> tion with the potential or actual decision to rescind
> DACA . . . , (2) all DACA-related materials considered
> by persons (anywhere in the government) who there-
> after provided Acting Secretary Duke with written
> advice or input regarding the actual or potential re-
> scission of DACA, (3) all DACA-related materials con-
> sidered by persons (anywhere in the government) who
> thereafter provided Acting Secretary Duke with ver-
> bal input regarding the actual or potential rescission
> of DACA, (4) all comments and questions propounded
> by Acting Secretary Duke to advisors or subordinates
> or others regarding the actual or potential rescission
> of DACA and their responses, and (5) all materials di-
> rectly or indirectly considered by former Secretary of
> DHS John Kelly leading to his February 2017 memo-
> randum not to rescind DACA."  District Court Order,
> 2017 WL 4642324, at *8.

The Government makes serious arguments that at least
portions of the District Court's order are overly broad.
(The Government appears to emphasize certain materials
in categories 2, 3, and 4.)  Under the specific facts of this
case, the District Court should have granted respondents'
motion on November 19 to stay implementation of the
challenged October 17 order and first resolved the Gov-
ernment's threshold arguments (that the Acting Secre-
tary's determination to rescind DACA is unreviewable
because it is "committed to agency discretion," 5 U. S. C.
§701(a)(2), and that the Immigration and Nationality Act
deprives the District Court of jurisdiction).  Either of those
arguments, if accepted, likely would eliminate the need for
the District Court to examine a complete administrative
record.

4                    IN RE UNITED STATES

Per Curiam

    On remand of the case, the Court of Appeals shall take appropriate action so that the following steps can be taken.  The District Court should proceed to rule on the Government's threshold arguments and, in doing so, may consider certifying that ruling for interlocutory appeal under 28 U. S. C. §1292(b) if appropriate.  Thereafter, the Court of Appeals or the District Court in the first instance may consider whether narrower amendments to the record are necessary and appropriate.  In any event, the District Court may not compel the Government to disclose any document that the Government believes is privileged without first providing the Government with the opportunity to argue the issue.

    This order does not suggest any view on the merits of respondents' claims or the Government's defenses, or that the District Court's rulings on the Government's motion to dismiss and respondents' motion for preliminary injunction should be delayed.

    The judgment of the Court of Appeals for the Ninth Circuit is vacated, and the case is remanded for further proceedings consistent with this opinion.

                                        *It is so ordered.*