

**U.S. Department of Justice**

Civil Division, Appellate Staff

950 Pennsylvania Ave. NW, Rm. 7252
Washington, DC 20530

MBS:ACWright

Abby Wright                                                                                         Tel: (202) 514-0664
Abby.Wright@usdoj.gov

December 21, 2017

Ms. Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals for the
    Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
VIA CM/ECF

      Re:    *In re Duke*, No. 17-3345 (Oral Argument Dec. 14)

Dear Ms. O'Hagan Wolfe:

      We write to respond to plaintiffs' letters filed under Fed. R. App. P. 28(j). As those letters note, the Supreme Court has vacated the Ninth Circuit's decision denying the government's petition for writ of mandamus in the parallel California litigation. The Court directed the Ninth Circuit to take "appropriate action" so that the district court could "rule on the Government's threshold arguments and, in doing so, may consider certifying that ruling for interlocutory appeal under 28 U.S.C. § 1292(b) if appropriate." *In re United States*, No. 17-801, at 4 (Dec. 20, 2017). After such steps are taken, "the Court of Appeals or the District Court in the first instance may consider whether narrower amendments to the record are necessary and appropriate." *Id.*

      The Supreme Court did not, as plaintiffs contend (Letter of Dec. 21, 2017), "effectively reject[] petitioners' arguments that the record they have produced in these cases is complete." Instead, the Supreme Court directed the district court to rule on the government's threshold arguments and, only after doing so (and after appropriate review by the court of appeals), consider whether amendments to the record are "necessary and appropriate." Nor is that directive limited to White House records.

As this Court is aware, the district court in this case has ruled on the question of whether the government's action is subject to judicial review. Consistent with the Supreme Court's suggestion, the government plans to file a request that the district court certify that ruling for interlocutory appeal under 28 U.S.C. § 1292(b). We respectfully submit that this Court should defer deciding the government's mandamus petition until proceedings on the Section 1292(b) filing are complete or, if the district court declines certification, until the district court rules on the government's motion to dismiss and the plaintiffs' motion for preliminary injunction (oral argument on January 18, 2018). A ruling on those motions will likely yield an appealable order, and may obviate the need to consider whether expansion of the record is required.

Sincerely,

/s/ Abby C. Wright
Abby C. Wright
Counsel for Petitioners

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on December 21, 2017, I electronically served and filed the foregoing document with the Clerk of the Court by using the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

/s/ *Abby C. Wright*

Abby C. Wright
Counsel for Petitioners