**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 17-3345

**Caption [use short title]**

**Motion for:** Stay Pending Interlocutory Appeal, or, in the Alternative, Stay Pending Supreme Court Proceedings; and for Administrative Stay

Set forth below precise, complete statement of relief sought:

We respectfully request that the Court stay the government's record supplementation and discovery obligations pending the resolution of interlocutory appeal proceedings. In the alternative, we request a stay pending Supreme Court mandamus proceedings. We also request an administrative stay pending the Court's consideration of this motion.

In re Kirstjen M. Nielsen, et al.

**MOVING PARTY:** Kirstjen M. Nielsen, et al.
**OPPOSING PARTY:** State of New York, et al.

☐ Plaintiff ☐ Defendant
☑ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Mark B. Stern
**OPPOSING ATTORNEY:** Anisha Dasgupta

[name of attorney, with firm, address, phone number and e-mail]

U.S. Department of Justice
950 Pennsylvania Avenue NW, Wash. DC 20530
202-514-5089, mark.stern@usdoj.gov

State of New York, Office of the Attorney General
120 Broadway, 25th Floor, New York NY 10271
212-416-8921, anisha.dasgupta@ag.ny.gov

**Court- Judge/ Agency appealed from:** Eastern District of New York, Judge Garaufis

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☑ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☑ No
Requested return date and explanation of emergency: _____
An administrative stay is requested as soon as possible on December 30, 2017.

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)
Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:_____

**Signature of Moving Attorney:**
s/Mark B. Stern **Date:** 12/30/2017 **Service by:** ☑ CM/ECF ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# No. 17-3345

Case Nos. 16-CV-4756 (NGG) (JO) (E.D.N.Y.), 17-CV-5228 (NGG) (JO) (E.D.N.Y.)

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

*In re* KIRSTJEN M. NIELSEN, Secretary of Homeland Security; JEFFERSON BEAUREGARD SESSIONS III, Attorney General of the United States, DONALD J. TRUMP, President of the United States; U.S. CITIZENSHIP AND MMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and the UNITED STATES OF AMERICA,

                                          Petitioners.

**EMERGENCY MOTION FOR STAY PENDING THE CONCLUSION OF INTERLOCUTORY APPEAL PROCEEDINGS; FOR STAY PENDING THE SUPREME COURT'S RESOLUTION OF THE GOVERNMENT'S PETITION FOR WRIT OF MANDAMUS; OR, IN THE ALTERNATIVE, FOR AN ADMINISTRATIVE STAY PENDING THIS COURT'S RESOLUTION OF THIS MOTION**

    CHAD A. READLER
      *Acting Assistant Attorney General*

    HASHIM M. MOOPPAN
      *Deputy Assistant Attorney General*

    MARK B. STERN
    ABBY C. WRIGHT
    THOMAS PULHAM
      *Attorneys, Appellate Staff*
      *Civil Division*
      *U.S. Department of Justice*
      *950 Pennsylvania Avenue NW*
      *Washington, DC 20530*
      *(202) 514-2000*

1. The government respectfully requests that this Court enter a stay of the government's record supplementation and discovery obligations pending the resolution of interlocutory appeal proceedings. In the alternative, the government requests such a stay pending the Supreme Court's resolution of the government's forthcoming petition for a writ of mandamus. In all events, the government requests an administrative stay pending the Court's consideration of this motion. Absent prompt relief, the government will face immediate and substantial burdens.

2. In its order of December 20, 2017, in a parallel DACA rescission case, the Supreme Court stated that the district court there should have stayed similar orders pending resolution of the government's threshold jurisdiction and justiciability arguments, and directed the court of appeals to "take appropriate action so that" the district court could "rule on the Government's threshold arguments" as to jurisdiction and justiciability and then "consider certifying that ruling for interlocutory appeal under 28 U.S.C. § 1292(b) if appropriate." *In re United States*, 583 U.S. ___ (2017), slip op. at 2, 3. Only "[t]hereafter"— i.e., following any interlocutory appeal on the government's threshold arguments—the district court and court of appeals "may consider whether narrower amendments to the record are necessary and appropriate." *Id.* at 4.

3. On December 27, 2017, this Court issued an order denying the government's petition for mandamus relief. In its order, this Court noted the Supreme Court's suggestion in the parallel litigation that the district court in those cases should

1

consider certifying any ruling on the government's threshold arguments for an interlocutory appeal and staying any further administrative record supplementation and discovery pending those proceedings. *In re Kirstjen M. Nielsen*, No. 17-3345 (2d Cir. Dec. 27, 2017), slip op. at 4. The Court stated that it "may be prudent" for the district court to do the same here. *Id.*

4. On December 28, 2017, the government filed a motion in the district court for certification of an interlocutory appeal pursuant to § 1292(b), and for a stay of record supplementation until the resolution of those proceedings. ECF No. 219, at 2. On December 29, the district court ordered the plaintiffs to respond to that motion by January 3, 2018, but did not rule on the government's request for a stay, *see* ECF No. 220. Meanwhile, on December 28, the magistrate judge entered an order requiring the government to be "fully prepared" to produce a supplemented administrative record by January 8, 2018. *See* ECF No. 217. As a result, the government remains under an immediate obligation, pursuant to the magistrate judge's December 28 order, to compile and review thousands of additional documents for potential inclusion in the administrative record or privilege log, requiring the attention of numerous senior officials within the Department of Homeland Security and the Department of Justice.

5. The government therefore respectfully requests that this Court grant a stay of its record supplementation and discovery obligations pending the conclusion of § 1292(b) proceedings.

6. The Solicitor General of the United States has authorized the filing of a petition for a writ of mandamus challenging the scope of the administrative record and discovery if an interlocutory appeal is not certified, and if a stay is not granted with respect to the government's record supplementation and discovery obligations. Therefore, in the alternative, in accordance with Supreme Court Rule 23.3, the government respectfully requests that this Court stay the government's record supplementation and discovery obligations pending the Supreme Court's resolution of its forthcoming petition.

7. In all events, the government requests that this Court grant an administrative stay of these obligations pending its consideration of this motion.

8. Counsel for plaintiffs have indicated that they do not consent to this motion because they believe it unnecessary. Although plaintiffs initially opposed in the district court the government's request for a stay of discovery and administrative record obligations pending the district court's decision on the government's request for certification under § 1292(b), they have belatedly purported to consent to that request. ECF No. 221. But they have since clarified that they only consent to a limited version of a stay that would not provide the government effective relief because the stay to which plaintiffs consent would only toll the government's obligation to produce an administrative record during the time in which the district court is considering the government's certification motion; it would not provide the government with additional time to prepare the administrative record if the district court denies

3

certification and the stay expires. Thus, the consented-to stay would not meaningfully relieve the government of its obligation to compile an administrative record by January 8 and the need to begin preparing that record immediately. Because plaintiffs have not agreed to a stay that would toll the magistrate judge's order, the government continues to require relief from this Court.

## CONCLUSION

For the foregoing reasons, this Court should stay the government's record supplementation and discovery obligations pending the conclusion of interlocutory appeal proceedings. In the alternative, the Court should stay such obligations pending the Supreme Court's resolution of the government's forthcoming petition in that Court. And in all events, it should grant an administrative stay.

Respectfully submitted,

CHAD A. READLER
  *Acting Assistant Attorney General*

HASHIM M. MOOPPAN
  *Deputy Assistant Attorney General*

MARK B. STERN
ABBY C. WRIGHT
THOMAS PULHAM
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-2000*

DECEMBER 2017

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the word limit of Federal Rule of Appellate Procedure 21(d)(1) because the motion contains 854 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f). I further certify that this motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared using Microsoft Word 2013 in a proportionally spaced typeface, 14-point Garamond font.

s/ Mark B. Stern
MARK B. STERN

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2017, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Service will be accomplished automatically by the appellate CM/ECF system on all other counsel.

                                              s/ Mark B. Stern
                                              MARK B. STERN